# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| MACKENZIE VAN DAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　　Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.<br>　　　Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For her complaint against the defendant Marriott International, Inc. ("Marriott"), Plaintiff Mackenzie Van Dam (hereinafter "Plaintiff"), on her own behalf and on behalf of all others similarly situated (the "Proposed Class"), alleges upon personal knowledge as to herself, and upon information and belief, publicly available information, and the investigation of counsel as to all other matters, as follows:

## NATURE OF THE ACTION

1.　This is a class action arising out of a security breach of Marriott's reservation database for its Starwood properties (the "Data Breach"). This action is brought on behalf of all persons residing in the United States whose personal information was compromised or stolen as a result of the Data Breach.

2.　According to an official statement by Marriott released on November 30, 2018, the Data Breach began in or around 2014 and may have compromised the personal information of as many as 500 million customers, including their names, email addresses, phone numbers, passport numbers, birthdays, and payment information.

3. Plaintiff has made reservations and stayed at Starwood properties during the relevant time period, and upon information and belief has had her personal and financial information compromised and possibly stolen.

4. Despite a heightened awareness of the threat of such a data breach following numerous similar large-scale events in recent years, Marriott failed to take reasonable measures to protect the personal and financial information of Plaintiff and the Proposed Class, allowing hackers to take over guests' accounts for unlawful purposes.

## PARTIES

5. Defendant Marriott International, Inc. is a corporation with its principal place of business in Bethesda, Montgomery County, Maryland.

6. Plaintiff MacKenzie Van Dam is a South Carolina resident. Plaintiff is a Marriott customer who has booked reservations using the Starwood reservation system and provided personal and financial information in the course of those reservations. Given the scale of the Data Breach, Plaintiff now faces the increased threat of harm from identity theft and fraud due to her personal information being compromised and made available for misuse by criminals.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $5 million, exclusive of interest and costs, and there are more than 100 putative class members.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Marriott regularly conducts business and resides in this district; a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims were committed in this district; and property that is the

subject of the Plaintiff's claims are in this district.

## FACTUAL ALLEGATIONS

9. Marriott is a worldwide operator of hotel properties. In September 2016, Marriott completed a merger with Starwood in which Starwood became a wholly-owned subsidiary of Marriott.

10. On November 30, 2018, Marriott, for the first time, disclosed that its Starwood guest reservation database had been hacked. In its statement on the incident, Marriott reported that it received an alert from an internal security tool on September 8, 2018, which revealed an "attempt to access" the Starwood guest reservation database in the United States. Marriott further stated that, after investigating this alert, it determined on November 19, 2018, that some third parties had gained unauthorized access to the Starwood database and all of the information stored therein.

11. Marriott further reported that its investigation revealed that the unauthorized access to the Starwood database may have first occurred in 2014.

12. According to Marriott, the compromised Starwood reservation system contains information belonging to up to 500 million individuals, and Marriott estimates that, for approximately 327 million of those guests, the information on the Starwood system includes some combination of name, mailing address, phone number, email address, passport number, Starwood Preferred Guest account information, date of birth, gender, arrival and departure information, reservation date, and communication preferences.

13. Marriott further admits that financial information for these guests, including payment card numbers and payment card expiration dates, also has been unlawfully accessed. Although this payment information was encrypted using two components needed to decrypt the payment card numbers, Marriott could not rule out that both may have been stolen.

14. Marriott promises its customers that it will use reasonable physical, electronic, and administrative safeguards to protect their Personal Data from loss, misuse and unauthorized access, disclosure, alteration and destruction, taking into account the nature of the Personal Data and the risks involved in processing that information.

15. Despite this assurance, however, Marriott did not implement security measures sufficient to prevent the Starwood system from being unlawfully accessed for *more than four years without detection*, causing substantial damages and threat of future harm to Plaintiff and the Proposed Class.

16. Marriott states that it "deeply regrets this incident happened," and its CEO concedes that Marriott "fell short of what our guests deserve and what we expect of ourselves." But Marriott clearly did not do nearly enough to protect the sensitive data in its possession, despite its awareness of the threat of data breach and ample institutional capacity to implement effective security measures.

17. As a result of Marriott's inadequate security, unauthorized third parties now have unlawful access to the personal information of Plaintiff and the Proposed Class. With that information, criminals could engage in all manner of damaging conduct, including opening new credit accounts or filing false tax returns. The affected guests could have their identities stolen, their credit ruined, and could face numerous other hardships related to the Data Breach.

18. Marriott has offered affected guests one year of free credit monitoring, but that remedy is inadequate. Credit monitoring services will not necessarily prevent identity theft, and stolen information may not be used right away, requiring affected individuals to take additional steps to protect their credit and their identities well into the future.

## CLASS ALLEGATIONS

19.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action as a class action for herself and all members of the following Proposed Class of similarly situated individuals and entities:

> All persons residing in the United States whose personal information was accessed, compromised, or stolen as a result of the data breach disclosed by Marriott on or about November 30, 2018.

20.     Excluded from the Proposed Class are the Defendant, including any entity in which Defendant has a controlling interest, which is a parent or subsidiary, or which is controlled by the Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.

21.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

22.     All members of the Proposed Class are readily ascertainable. Marriott has access to addresses and other contact information for all members of the Proposed Class, which can be used for providing notice to Proposed Class members.

23.     *Numerosity*. The Proposed Class is so numerous that joinder of all members is unfeasible and not practical. While the precise number of Proposed Class members has not been determined at this time, Marriott has admitted that some 500 million records were breached. Therefore, the individuals impacted will be sufficiently numerous to merit class certification.

24.     *Commonality*. Questions of law and fact common to all Proposed Class members exist and predominate over any questions affecting only individual Proposed Class members, including, *inter alia*, whether Marriott:

a. Engaged in the wrongful conduct alleged herein;

b. Acted in a manner that was deceptive, unfair, or unlawful;

c. Owed a duty to Plaintiff and members of the Proposed Class to adequately protect their personal information;

d. Owed a duty to provide timely and accurate notice of the data breach to Plaintiff and members of the Proposed Class;

e. Took reasonable measures to protect Proposed Class members' personal information;

f. Knew or should have known that its data system was vulnerable to attack and took sufficient steps to prevent such attack;

g. Acted (or failed to act) in a manner that resulted in (or was the proximate cause of) the breach of its systems, which resulted in the loss of the Proposed Class members' personal information;

h. Should have notified the public immediately after it learned of a possible data breach;

i. Violated state statutory consumer protection, consumer fraud, data-breach-notification, and other applicable laws;

j. Marriott violated state common law as to negligence and otherwise violated Maryland common law; and

k. Is liable unto Plaintiff and the Proposed Class members for actual damages, statutory damages, and/or punitive damages, restitution, disgorgement, and/or other equitable relief.

25. *Typicality*. Plaintiff's claims are typical of the claims of the Proposed Class. Plaintiff and all Proposed Class members were injured through the uniform misconduct described above and assert the same claims for relief.

26. *Adequacy*. Plaintiff and her counsel will fairly and adequately represent the interests of the Proposed Class members. Plaintiff has no interest antagonistic to, or in conflict with, the interests of the Proposed Class members. Plaintiff's lawyers are highly experienced in the prosecution of consumer class actions and complex commercial litigation.

27. *Superiority*. A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiff and the Proposed Class members. Plaintiff and the proposed Class members have been harmed by Marriott's wrongful actions and/or inaction. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Marriott's wrongful actions and/or inaction.

28. Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(b)(3) because the above common questions of law or fact predominate over any questions affecting individual members of the Proposed Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. Class certification also is appropriate under Fed. R. Civ. P. 23(b)(2) because Marriott has acted or refused to act on grounds applicable to the Proposed Class, so that injunctive relief or corresponding declaratory relief is appropriate as to the Proposed Class as a whole.

30. Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual

actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress for claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

31.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

## CLAIMS FOR RELIEF

## NEGLIGENCE

32.     Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs as though fully set forth herein.

33.     Marriott owed duties to Plaintiff and the Proposed Class to exercise reasonable care in safeguarding private and financial in its possession, to implement adequate security procedures with respect to that information, and to establish processes to timely detect and investigate warnings about data breaches.

34.      Marriott knew or should have known the value of the private information it collected, the risks of storing that information, and the importance of keeping that data safe and secure. Marriott knew or should have known of the many data breaches that other companies had experienced in recent years.

35.     Marriott knew or should have known that the Starwood system did not adequately safeguard the private information of Plaintiff and the Proposed Class.

36. Marriott breached the duties it owes to Plaintiff and the Proposed Class by failing to implement adequate security measures to protect customer information and failing to timely and accurately disclose that customers' information had been compromised.

37. But for Marriott's breach of the duties it owed to Plaintiff and the Proposed Class, their private information would not have been compromised.

38. The injury that Plaintiffs and the other Class members suffered was the reasonably foreseeable and proximate result of Marriott's negligence.

39. The Data Breach caused substantial damages to Plaintiff and the Proposed Class, as well as the possibility of future harm through the unlawful accessing of their private information. As a direct result of Marriott's negligence, Plaintiff and the Proposed Class have been put at risk of credit fraud or identity theft

## NEGLIGENCE PER SE

40. Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs as though fully set forth herein.

41. Pursuant to Section 5 of the Federal Trade Commission Act ("FTC Act"), Marriott had a duty to keep and protect the personal information of Plaintiff and Proposed Class members.

42. Marriott violated the FTC Act by failing to keep and protect Plaintiff and Proposed Class members' personal information and failing to ensure that it complied with industry standards and other regulations to protect such information. Marriott's failures omissions were unreasonable given the highly sensitive and valuable nature of this information and the clear and present threat of data breach of which Marriott was well aware.

43. Marriott's violation of the FTC Act constitutes negligence *per se*. As a direct result of Marriott's negligence *per se*, Plaintiff and members of the Proposed Class had their personal and financial information compromised, causing measurable monetary losses, threat of future losses, identity theft, and threat of identity theft.

44. Additionally, as a direct result of Marriot's negligence *per se*, Plaintiff and the Proposed Class have suffered the continued risks of exposure of their personal information, which remain in Marriott's possession and is subject to further unauthorized disclosures so long as Marriott fails to undertake appropriate and adequate measures to protect that information.

**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**

45. Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs as though fully set forth herein.

46. Plaintiff and the Proposed Class are "consumers" within the meaning of the Maryland Consumer Protection Act ("Maryland CPA"), Md. Code Comm. Law § 13-101, et seq.

47. Marriott is a merchant for purposes of Maryland's Consumer Protection Act. Marriott was engaged in soliciting "consumer services" as that term is defined in Md. Code Comm. Law § 13-101(d) by soliciting an ongoing service, credit reporting and data aggregation of Plaintiff's personal information, to consumers in Maryland for primarily personal use within the meanings specified in the Act.

48. Marriot is a "person" as that term is defined by Md. Code Comm. Law § 13-101(h), as Marriott is a legal or commercial entity.

49. Marriott, by failing to inform consumers, including Plaintiff and the Proposed Class, of Marriott's insufficient data and information security practices, induced those consumers, including Plaintiff and the Proposed Class, to purchase goods and services from Marriott.

50. Marriott, by failing to inform consumers, including Plaintiff and the Proposed Class, of Marriott's insufficient data and information security practices, falsely represented that its data and information security practices were sufficient to safeguard the personal information of consumers, including Plaintiff and the Proposed Class.

51. Maryland law also requires timely notification of data breaches upon identification. Marriott identified the Data Breach on September 8, 2018, but did not notify consumers, including Plaintiff and the Class Members, until November 30, 2018.

52. Marriott's failures constitute false, misleading, and misrepresentations, which have the effect of misleading consumers, including Plaintiff and the Proposed Class, concerning the security of their personal information.

53. Marriott employed these false representations to promote the sale of a consumer good or service, which Plaintiff and the Proposed Class purchased.

54. As a direct result of Marriott's violations of the Maryland Consumer Protection Statute, Plaintiff and the Proposed Class have suffered damages that have an ascertainable monetary value to be proven at trial.

## BREACH OF IMPLIED CONTRACT

55. Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs as though fully set forth herein.

56. Plaintiff and the Proposed Class entered into implied contracts with Marriott under which they provided personal information in order to book hotel rooms with the understanding that Marriott agreed to safeguard and protect that information and would timely notify them of any unauthorized access to their personal information.

57. Marriott, for its part, received personal and financial information from Plaintiff and the Proposed Class with the understanding that the information would not be disclosed or disseminated to the public or any unauthorized third parties.

58. Marriott breached its implied contracts with Plaintiff and the Proposed Class by failing to safeguard the personal information of Plaintiff and members of the Class and by permitting the compromise of that information to unauthorized individuals.

59. Due to Marriott's failure to prevent, detect, and/or avoid the Data Breach from occurring by, failing to follow best information security practices to secure personal information of Plaintiff and the Proposed Class, that information was compromised unauthorized third parties.

60. As a direct and proximate result of Marriott's breach of its implied contracts, Plaintiff and members of the Proposed Class suffered damages including, but not limited to identity theft, the loss of the value of their personal information, the compromise and disclosure of their information, and the continued risk to that information, all of which have a monetary value to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, for herself and Class Members, respectfully requests that this action be certified as a class action, Plaintiff be designated as Class Representative, and Plaintiffs' counsel be appointed as Class Counsel. Plaintiff, for herself and the Proposed Class, further requests that upon final trial or hearing, the following relief be granted:

    a. compensatory and punitive damages in an amount to be determined by the trier of fact;

    b. declaratory and injunctive relief (as set forth above);

    c. attorneys' fees, litigation expenses and costs of suit incurred through the trial and

any appeals of this case;

     d.     pre- and post-judgment interest on any amounts awarded; and

     e.     such other and further relief the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 3, 2018          Respectfully submitted,

*/s/ Cary Joshi*
Cary Joshi (D. Md. #20621)
Bailey & Glasser LLP
1054 31st Street, NW Suite 230
Washington DC 20007
Telephone: 202-436-2101
Fax: 202-463-2103
CJoshi@baileyglasser.com

Robert G. Rikard (to file *pro hac vice*)
Rikard & Protopapas LLC
1329 Blanding Street
Columbia SC 29201
Telephone: (803) 978-6111
Fax: (803) 978-6112
rgr@rplegalgroup.com

Joseph C. Peiffer (to file *pro hac vice*)
Peiffer Wolf Carr & Kane
A Professional Law Corporation
201 St. Charles Ave., Suite 4610
New Orleans, LA 70170
Telephone: (504) 523-2434
Fax: (504) 523-2464
jpeiffer@pwcklegal.com

*Attorneys for Plaintiffs*